58 CCPA

**Application of Leonard J. PERSINSKI.**

**Patent Appeal No. 8371.**

United States Court of Customs and Patent Appeals.

Nov. 19, 1970.

William L. Krayer, Pittsburgh, Pa., William A. Smith, Jr., Washington, D. C., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Jack E. Armore, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the examiner's rejection of all claims in appellant's application serial No. 450,538, filed April 23, 1965, for "Method of Making Nitrilotriacetamide and Acid Salts Thereof." We affirm.

Claim 6 is illustrative of the claims on appeal:

> Method of making nitrilotriacetamide comprising (a) slowly adding nitrilotriacetonitrile to a water solution of a compound selected from the group consisting of HCl and $H_2SO_4$, (b) maintaining the temperature of the reaction resulting from said addition at between about 20° and about 50° C., and (c) neutralizing the acid salt of nitrilotriacetamide thus formed with any appropriate acid neutralizer.

The claims stand rejected as obvious over Sidgwick, Organic Chemistry of Nitrogen pp. 139–140 (1937). Sidgwick states:

> Amides are formed by the partial hydrolysis of the nitriles * * *. This can be effected by dissolving the nitrile in cold concentrated sulphuric acid and pouring into water, or by shaking with strong hydrochloric acid.

From this statement the examiner and the board concluded that the claimed method was obvious, since appellant simply applied the Sidgwick teaching to a particular nitrile, and, quite predictably from Sidgwick, obtained the corresponding amide.

Appellant first contends that the citation of Sidgwick by the Patent Office should not shift the burden of proof to appellant on the issue of obviousness. We disagree. The reference clearly contains a broad teaching within which the claimed method falls. We find nothing in Sidgwick which would cause a person skilled in the art to conclude that the method there described was limited to particular nitriles. Sidgwick renders the claimed method *prima facie* obvious in that a person skilled in the art would find in that reference a clear suggestion that the general method would apply to nitrilotriacetonitrile.

Appellant further contends that even if the burden of proof shifted to him by virtue of Sidgwick, as we have found it did, then he carried that burden and rebutted the *prima facie* conclusion of obviousness. He contends he did this by introducing other references which detract from the credibility of Sidgwick's teaching, to the point where one skilled in the art would no longer consider appellant's method obvious. While it is true that the person skilled in the art under 35 USC 103 must consider all the relevant art, we find in this case that such consideration would not remove from his mind the initial suggestion that the method of Sidgwick would be applicable to nitrilotriacetonitrile.

Appellant referred to Rodd, Chemistry of Carbon Compounds IIIA, p. 559, and Migrdichian, Organic Synthesis, vol. 1, pp. 367–371 (1957), each of which discloses that *some* nitriles are resistant to hydrolysis and recommends that other methods be used to convert such nitriles to amides. Our study of these references has revealed nothing which would have indicated that the nitrile recited in the claims was resistant to hydrolysis or was of a class of compounds which were resistant to hydrolysis.

Appellant further referred to Astle, Industrial Organic Compounds, pp. 235–37, 262–63 (1961), which states that while hydrolysis of nitriles to acids proceeds very well, "it is difficult to stop the reaction at the intermediate amide stage." In the next paragraph the reference indicates that a few nitriles, such as arylacetonitriles, can be converted to amides by treatment with *cold* concentrated acids. Appellant solves the problem of stopping the reaction by fixing an upper limit of 50° for the reaction temperature. Thus it would appear that if stopping the reaction were ever a significant problem, its solution is suggested by the Astle reference. We agree with the Board's conclusion that Astle does not indicate that the skilled organic chemist would have been unable to stop the reaction. Astle, therefore, does not teach away from the claimed method.

Appellant states that no reference has been found discussing hydrolysis of any compound containing more than two nitrile groups (the nitrile recited in the claims has three), but that the complexity of the hydrolysis process could be assumed from the reactions of adiponitrile, as shown in the abstract of "Reaction Products of Adiponitrile and Hydrogen Chloride and Their Hydrolysis," 54 Chem.Abstr. 8629 (1959). While we agree with appellant that this reference might indicate that the hydrolysis mechanism is more complex with more complex nitriles, we do not see how such an indication aids appellant's case. As pointed out by the board, the abstract discloses that a diamide can be obtained from a dinitrile when sufficient water is employed. To that extent the reference tends to support the conclusion that the hydrolysis method disclosed by Sidgwick is workable with at least some of the more complex nitriles. While we agree with appellant that trinitriles would introduce some unpredictable factors, we do not agree that a person skilled in the art would have any reason to conclude from the abstract that the Sidgwick process would probably not work with nitrilotriacetonitrile.

We conclude that the references introduced by appellant, taken together, do not lead away from the invention claimed and do not rebut the *prima facie* obviousness created by the Sidgwick reference. Since there is no convincing

evidence of problems beyond the skill of the art solved by appellant, or of unexpected results obtained with the method claimed, the decision of the board must be affirmed.

Affirmed.